IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS WENDELL ROUGEAU, | No. C 06-4232 WHA (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| TOM CAREY, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a state prisoner pursuant to 28 U.S.C. 2254. As grounds for habeas relief petitioner alleges, *inter alia*, that the trial court violated his constitutional rights when it admitted evidence of a prior conviction and when it failed to strike a juror. For the reasons set forth below, the petition is **DENIED**.

## BACKGROUND

Petitioner was convicted by a San Mateo Superior Court jury of sixteen felony offenses, including kidnapping and carjacking, and received a sentence of 108 years. Petitioner appealed his convictions. The California Court of Appeal for the First Appellate District affirmed the judgment. Evidence presented at trial showed that during the morning of June 12, 2001, petitioner carjacked two vehicles, and, during the second carjacking, drove away with the vehicle's owner, Alejandro,

1  still in the vehicle.  Petitioner then collided with a third vehicle, left the scene of the accident
2  without stopping, and then drove to an apartment complex where he ran inside an apartment,
3  "screaming loudly that the police were after him."  Petitioner then grabbed a four-year-old child who
4  lived in the apartment, and tried to grab another child, stating that "he needed a hostage."

In his defense, petitioner, who represented himself at trial, testified that on June 12, he was being pursued by undercover police officers in a green SUV when he crashed into the first vehicle. According to petitioner, after taking that first vehicle, petitioner drove it until he crashed into the second vehicle.  Petitioner testified that he jumped into the car and asked Alejandro, the occupant of that second car, for help, but, finding that Alejandro did not speak English, petitioner jumped out of the car.  Petitioner testified he jumped back into the car and drove off in it when he realized that the green SUV was still following him.  According to petitioner's testimony, while petitioner was driving, Alejandro stabbed him with scissors, which caused petitioner to collide with a van, after which Alejandro ran off.  Petitioner testified that he then drove away while being pursued by a white van.  Petitioner testified that he then drove to an apartment complex and ran inside the first apartment he found to call for help. (Ans., Exh. 6 (*People v. Rougeau*, No. A103542, 2005 WL 705238 (Cal. Ct. App. Mar. 29, 2005)) at 1-5).

As grounds for federal habeas relief, petitioner alleges that (1) the trial court violated his right to due process when it admitted evidence of a prior conviction; (2) the trial court violated his due process and Confrontation Clause rights by refusing to compel disclosure of the identities and activities of undercover police officers; (3) the trial court violated his right to an impartial jury by seating a juror who was friends with police officers; (4) there was insufficient evidence to support his conviction for "hit-and-run"; and (5) the trial court violated his right to counsel when it refused to appoint co-counsel for the sentencing phase.

**STANDARD OF REVIEW**

A federal habeas court will entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C.

2

2254(a).[1]  The court may not grant a petition with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" 28 U.S.C. 2254(d)(1).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. (Terry) Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

A federal habeas court may also grant the writ if it concludes that the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254 (d)(2). The court must presume as correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. 2254(e)(1).

The state court decision to which section 2254(d) applies is the "last reasoned decision" of the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Nunnemaker* at 801-06; *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000). Where the state court gives no reasoned explanation of its decision on a petitioner's federal claim and there is no reasoned lower court decision on the claim, a review of the record is the only means of deciding whether the state court's decision was objectively reasonable. *See Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003). When confronted with such a decision, a federal court should conduct "an independent review of the record" to determine whether the state court's

---

[1] The Anti-Terrorism and Effective Death Penalty Act ("AEDPA").

3

decision was an unreasonable application of clearly established federal law. *Ibid*.

If constitutional error is found, habeas relief is warranted only if the error had a "'substantial and injurious effect or influence in determining the jury's verdict.'" *Penry v. Johnson*, 532 U.S. 782, 795 (2001) (quoting *Brecht v. Abrahamson*, 507 U.S. 619, 638 (1993)).

**DISCUSSION**

**1.     Evidence of a Prior Conviction**

Petitioner claims that the trial court violated his rights to due process by allowing the prosecutor to use petitioner's 1986 assault conviction to impeach his credibility (Pet. at 9). Petitioner contends that it is "counterintuitive" to assume that the fact of a prior conviction indicates a propensity to lie under oath, and that the effect of this impeachment evidence is more prejudicial than probative (*id*. at 10). The trial court instructed the jury that the prior conviction was to be considered only with regard to the issue of petitioner's credibility (Ans., Exh. 6 at 6; Pet. at 12).

Petitioner's claim is without merit. The admission of evidence is not subject to federal habeas review unless a specific constitutional guarantee is violated or the error is of such magnitude that the result is a denial of the fundamentally fair trial guaranteed by due process. *See Henry v. Kernan*, 197 F.3d 1021, 1031 (9th Cir. 1999). As to whether a constitutional guarantee has been violated, the United States Supreme Court has left open the question of whether admission of propensity evidence violates due process. *Estelle v. McGuire*, 502 U.S. 62, 75 n.5 (1991). Based on the Supreme Court's reservation of this issue as an "open question," the Ninth Circuit has held that a petitioner's due process right concerning the admission of propensity evidence — such as petitioner's prior conviction — is not clearly established as required by AEDPA. *Alberni v. McDaniel*, 458 F.3d 860, 866-67 (9th Cir. 2006). As to the question of the magnitude of the error, only if there are no permissible inferences that the jury may draw from the evidence can its admission violate due process such that petitioner was denied a fundamentally fair trial. *See Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir. 1991). Because it was permissible for the jury to infer that petitioner may be untruthful, petitioner has not shown that the admission of the evidence resulted in a fundamentally unfair trial. Based on this reasoning, petitioner's claim

4

is denied.

### 2. Failure to Disclose Identities of Undercover Officers

Petitioner claims that the trial court violated his due process and Confrontation Clause rights when it denied his motion to compel disclosure of the identities and locations of undercover officers who allegedly were surveiling and pursuing petitioner on the day of his arrest (Pet. at 15). Respondents opposed petitioner's motion, stating that they had no information than any undercover officers were involved in the matter (Ans., Exh. 6 at 7). In short, respondents contend, there was nothing to disclose. Petitioner also asked for the general records of the activities of undercover officers, a request respondents opposed by invoking the official information privilege. At the hearing on the motion, trial counsel conceded that there was no evidence that petitioner had been subjected to covert surveillance, but stated that petitioner "believes that there were things happening before these incidents even began that give rise to any explanation of why he did what he did" (*ibid*.).[2] The state appellate court found that petitioner's allegation that he was being pursued was insufficient to justify the disclosure, and also that the record contained no evidence that petitioner was being surveiled.

Petitioner's claim is without merit. Because his motion in state court lacked sufficient supporting evidence, it cannot have been a constitutional error for the trial court to have denied it. Furthermore, even if such evidence existed, petitioner has not shown how such evidence would show that he is not criminally liable. He alleges that the police were following him, but does not assert that the police forced petitioner to slam into several vehicles or impermissibly enter dwellings or that their conduct compelled him to attempt to take children hostage. This claim is denied.

### 3. Failing to Strike a Juror

Petitioner, who represented himself at trial, contends that the trial court violated his Sixth Amendment right to an impartial jury when it refused to strike a juror who was friends with

---

[2] Petitioner was represented by counsel at the time of this hearing (Ans., Exh. 2, Vol. 2 (Reporter's Transcript, May 13, 2003) at 9).

5

policemen, and who expressed a low opinion of self-representation (Pet. at 21).

During jury selection, Juror No. 14 stated that he had two friends who were police officers, viz., the chief of police for San Francisco International Airport, and a highway patrol officer. Juror No. 14 also informed the trial court that his garage recently had been broken into, and he voiced his doubts about the wisdom of self-representation: "[T]o be honest with you, I never would go to court without a lawyer . . . [but] I am going to be open minded, you know, see the evidence, and the fact that I don't like it that [petitioner] don't [*sic*] have a lawyer, that's not my business, it's [petitioner's] business." Juror No. 14 repeatedly assured the trial court that he thought he could be fair and impartial in deciding the verdict: "I would go for the evidence and the facts. I would hear the evidence and the facts, that is the only thing I will hear." Petitioner moved to challenge Juror No. 14 for cause. The trial court denied the motion, stating that Juror No. 14 had "indicated that he could be fair and impartial," and that his friendship with police officers was not a reason to exclude the juror. The state appellate court found that Juror No. 14 did not give ambiguous or conflicting answers regarding his impartiality, and though he would not choose to represent himself in a trial, "he acknowledged that [petitioner] had a right to do so and that he would keep an open mind and listen to the evidence" (Ans., Exh. 6 at 8-10).

Federal habeas relief may be granted for a state trial court's failure to strike a juror for cause only when there is no fair support in the record for the trial court's determination that the juror was unbiased. *See Wainwright v. Witt*, 469 U.S. 412, 424 (1985).

*Wainwright* forecloses petitioner's claim. Federal habeas relief is not available because there is fair support in the record for the trial court's determination that Juror No. 14 was unbiased. Though Juror No. 14's disapproval of self-representation, his friendships with policemen, and that he had been a recent victim of crime might be a cause for some concern, Juror No. 14 was unequivocal that he would be impartial and fair in viewing the evidence. Because support exists for the trial court's determination, this claim is denied.

### 4.   Sufficiency of Evidence for Hit-and-Run Conviction

Petitioner contends that there was insufficient evidence to support his conviction on the

"hit-and-run" count, a violation of Cal. Pen. Code § 20001(a), (Pet. at 27). Petitioner contends that the victim, Macedo, prevented him from stopping after the accident when Macedo drove his van fifty to one hundred yards away from the scene (*id*. at 27-28).

The facts relevant to this claim are as follows:

> Macedo [one of the victims] testified that [on the day of the commitment offenses] he was driving to work on Marsh Road when he heard a car speed up behind him. The car hit the rear of his van. As he was about to get out of the van, he saw [petitioner] running toward the van. He also saw another man running in the opposite direction. Macedo was concerned about the "look" on [petitioner's] face so he pulled the van forward to the side of the road about 50 to 100 yards. [Petitioner] went back to the Honda, made a U-turn and headed in a southbound direction toward Highway 101.
>
> . . . .
>
> Alejandro [a kidnapping victim], who was in the car with [petitioner], testified that [petitioner] accelerated prior to hitting [Macedo's] van and that the car hit the van hard. Macedo underwent chiropractic therapy for whiplash and shoulder injuries for six months as a result of the accident. He further testified that it cost "about $1,800" to repair the van.

(Ans., Exh. 6 at 3, 11).

California Vehicle Code section 20001(a) states in relevant part that "[t]he driver of a vehicle involved in an accident resulting in injury to a person, other than himself or herself, or in the death of a person shall immediately stop the vehicle at the scene of the accident and shall fulfill the requirements of Sections 20003 and 20004."

A federal court reviewing collaterally a state court conviction does not determine whether it is satisfied that the evidence established guilt beyond a reasonable doubt. *Payne v. Borg*, 982 F.2d 335, 338 (9th Cir. 1992). The federal court "determines only whether, 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *See id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Only if no rational trier of fact could have found proof of guilt beyond a reasonable doubt, may the writ be granted. *See Jackson*, 443 U.S. at 324.

Petitioner's claim is without merit. Ample evidence was presented at trial that petitioner caused an accident and then drove off, evidence which a rational trier of fact could find beyond a reasonable doubt satisfied the elements of section 20001(a). Petitioner's assertion that Macedo's driving fifty to one hundred yards to the side of the road prevented petitioner from complying the

7

1 law is also without merit. Macedo drove to the side of the road and stopped, which, rather than
2 preventing petitioner from stopping, in fact provided an opportunity for petitioner to comply with
3 the requirements of section 20001(a). Accordingly, petitioner's claim is denied.

### 5. Appointment of Co-Counsel at Sentencing

Petitioner, who represented himself at trial, contends that the trial court violated his right to counsel when it refused to appoint co-counsel during the sentencing phase (Pet. at 30).

A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel. *United States v. Halbert*, 640 F.2d 1000, 1009 (9th Cir.1981).

Petitioner's claim is without merit. In his request to the trial court, petitioner did not ask to have his "pro per" status revoked and to be represented solely by an attorney, but rather requested co-counsel (Ans., Exh. 11 (Reporter's Transcript May 29, 2003) at 1451). Under *Halbert*, petitioner does not have the absolute right to both represent himself and to have the assistance of counsel. Because he has no absolute right to co-counsel, the Court cannot say that the trial court violated petitioner's constitutional rights by refusing his request. Accordingly, the claim is denied.

As to all petitioner's claims, the Court concludes that the state court's determinations were not contrary to, or unreasonable applications of, clearly established Supreme Court precedent, nor were they based on an unreasonable determination of the facts in light of the evidence presented under 28 U.S.C. 2254 (d)(1), (2). Accordingly, petitioner's claims are denied.

## CONCLUSION

For the foregoing reasons, the petition for a writ of habeas corpus is **DENIED**. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: November  19 , 2008

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8